CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 16, 2026

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **JOSEPH WAYNE KETCHUM, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00196 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JUDGE CHIP HURLEY and** | ) | JUDGE JAMES P. JONES |
| **LAWYER BRUCE RUSSELL,** | ) | |
| | ) | |
| Defendants. | ) | |

*Joseph Wayne Ketchum, Jr., Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed this action using a form designed for an inmate filing a lawsuit under 42 U.S.C. § 1983.  Ketchum sets forth claims against the sentencing judge and the attorney who represented him in his underlying criminal proceedings, asserting issues with not being placed in a suboxone program after sentencing.  Upon review, I conclude that the § 1983 action must be summarily dismissed.

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings.  *Eriline Co. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006).  The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Ketchum has submitted this case under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). It is well-settled that a judge is generally immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9 (1991). There are two possible exceptions to judicial immunity: (1) "non-judicial actions, i.e. actions not taken in the judge's official capacity" or (2) actions "taken in the complete absence of all jurisdiction." *Id.* at 11–12.

Ketchum has alleged that the Tazewell County Circuit Court Judge sentenced him on February 3, 2026, following his guilty plea. He asserts that he was supposed to be sentenced to two years and placed in a suboxone program; however, he still has not been put on suboxone and the judge "said he would talk to the jail about getting me on suboxone." Compl. 5, Dkt. No. 1. He further states that his sentencing guidelines indicated he should be sentenced to a term of three months to one year, rather than two years, and that he desires to withdraw his plea and seek a sentence reduction. Despite not naming any jail official as a defendant, Ketchum goes on to allege that the officials at the jail "will not help [him]." *Id.* He requests injunctive and monetary relief "for cruel and unusual punishment."

The actions by Judge Hurley that Ketchum challenges do not meet the exceptions to judicial immunity. First, the judge's actions regarding sentencing are

"function[s] normally performed by a judge" and Ketchum "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) and identifying these two factors to determine whether an act is a judicial one). Second, Ketchum does not plausibly allege that the judge lacked jurisdiction to make a determination regarding his sentence. Therefore, Judge Hurley is entitled to judicial immunity, and the claims against him will be dismissed.

It is similarly well-settled that an attorney, even when appointed by a court, does not act under the color of state law when representing a defendant in a criminal case. *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Stated differently, the court of appeals has explained that

> [d]efense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, [*Hall*, at 1155-56], or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

*Ward v. Ghee*, No. 92-6975, 1993 WL 410357, at *1 (4th Cir. 1993) (unpublished).

Ketchum alleges that attorney Russell told him the sentencing order would contain a direction that he be enrolled in a suboxone program, that he now wishes to withdraw his plea to seek a sentence reduction, and that his family members cannot reach him to discuss these issues. However, because Ketchum has brought these issues under § 1983 against the attorney who represented him in his underlying

criminal proceedings, his claims simply cannot survive where Russell was not acting under color of state law.

To the extent that Ketchum challenges the validity of his confinement and seeks to be released from incarceration, such relief is not available in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Accordingly, I will summarily dismiss the Complaint without prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

A separate Judgment will be entered herewith.

ENTER:   April 16, 2026

/s/  JAMES P. JONES
Senior United States District Judge